UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. KOVATS,
        Plaintiff,

-v-

THE STATE OF MICHIGAN,
HI-LEX CORPORATION, a Michigan
corporation and
UNKNOWN PARTIES JOHN OR JANE
DOE (1, 2, 3 ...) jointly and severally in
their individual and professional capacities
as agents of the Hi-Lex Corporation,
        Defendants.

Case No. 1:06-cv-755

HONORABLE PAUL L. MALONEY
HONORABLE ELLEN S. CARMODY

## OPINION AND ORDER DENYING PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER

This Court has before it Plaintiff David Kovats' appeal (Dkt. No. 54) of an order issued by the Magistrate Judge.

Plaintiff Kovats, proceeding pro se, is suing his former employer and the State of Michigan. He was terminated by Defendant Hi-Lex in 1990 and has already sued Hi-Lex in state court and in federal court. Plaintiff filed this complaint on October 20, 2006. The initial complaint is five pages long and alleges twelve counts against the two Defendants. Defendants filed dispositive motions in February and March of 2007. In June 2007, Plaintiff filed an ex parte motion for extension of time to file responses to the dispositive motions. The action was reassigned to this Judge in August 2007. Plaintiff was granted additional time to file his responses to the dispositive motions (Dkt. No. 33). Plaintiff filed his responses on October 15, 2007 and also filed a motion to amend or correct his complaint (Dkt. No. 34). Pursuant to local rules, Plaintiff attached a copy of his proposed amended

complaint. The proposed amended complaint is ninety-nine pages long and contains twenty-seven counts.

The motion to amend was referred to Magistrate Judge Ellen S. Carmody. A hearing on the motion was held on November 26, 2007. On December 7, 2007, Plaintiff filed a motion (Dkt. No. 46) for leave to file a supplemental brief in support of his motion to amend and attached the proposed documents. He also filed notice (Dkt. No. 47) of bias or prejudice of Magistrate Judge Carmody. The motion for leave to file a supplemental brief was referred to Magistrate Judge Carmody, who granted (Dkt. No. 50) the motion. On February 6, 2008, Magistrate Judge Carmody issued an order (Dkt. No. 51) denying Plaintiff's motion for leave to amend his complaint. Plaintiff has appealed that order.

I. LEGAL FRAMEWORK

Local Rule 72.3(a) permits parties to appeal a magistrate judge's order. W.D. MICH. L.CIV.R. 72.3(a). The party appealing the order shall file a written statement of appeal which specifically identifies the order appealed and the basis for the appeal. *Id.* The judge of the Court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* This standard mirrors the standard set forth under Rule 72(a) of the Federal Rules of Civil Procedure, which authorizes objections to a magistrate judge's orders regarding nondispositive pretrial motions. FED. R.CIV. P. 72(a).

The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when, although there is evidence to support to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the

clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395[1]). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).  This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).  A district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (discussing Rule 72(a)).  The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore controlling legal authority. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

II.  BASIS FOR APPEAL

Magistrate Judge Carmody denied Plaintiff's motion for leave to amend his complaint on the basis the proposed amendment would be futile.  She concluded Plaintiff's new claims have all expired under applicable statutes of limitations.  She further concluded the authority cited by Plaintiff did not support his assertion that claims dating back to 1990 and 1993 could be revived. Plaintiff details his objections the order in attachment C to his brief in support of his appeal (Dkt.

---

[1] The opinion in *Hagaman* incorrectly identifies the quoted material as being on page 398 of the *U.S. Gypsum* opinion.

No. 55-3). Plaintiff numbers five objections with supporting arguments under each. This Court will attempt to address each objection.

Objection 1. Bias or Prejudice of the Magistrate Judge.

Plaintiff argues, because he filed a notice of bias, the pending matters should have been assigned to a different magistrate. 28 U.S.C. § 144 provides

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that a judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 also sets forth reasons for a judge to disqualify himself or herself. That section provides "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 lists five situations in which the presiding judge should be disqualified, although only one of the situations appears applicable here. When the judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," that judge shall disqualify himself or herself. 28 U.S.C. § 455(b)(1). The Sixth Circuit, quoting the United States Supreme Court, has stated that Section 445(b)(1)

> entirely duplicate[s] the grounds for recusal set forth in § 144 ('bias or prejudice'), but (1) ma[kes] them applicable to *all* justices, judges and magistrates (and not just district judges), and (2) place[s] the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit.

*Bell v. Johnson*, 404 F.3d 997, 1004 n. 7 (6th Cir. 2005) (alterations in Sixth Circuit opinion,

emphasis in original) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). Unlike Section 455, under Section 144 recusal is mandatory if the requirements of the statute are met. *Scott v. Metro. Health Corp.*, 234 F.App'x 341, 352 (6th Cir. 2007); *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990).

A judge is presumed to be impartial in the proceedings before him or her and the party seeking disqualification bears the burden of establishing the basis for recusal. *Scott,* 234 F.App'x at 352; *United States v. Adams*, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam). The standard for recusal is the same under both sections; a reasonable person, knowing all the facts, would question the judge's impartiality. *Ullmo*, 273 F.3d at 681 (identifying, under Section 144, what the facts alleged in the required affidavit must show); *Sammons*, 918 F.2d at 599 (explaining the objective standard under Section 455). The prejudice or bias must arise from some extrajudicial source and not from the judge's rulings or participation in the case. *Ullmo*, 273 F.3d at 681; *Sammons*, 918 F.2d at 599.

Plaintiff's notice of bias raises two issues. First, Plaintiff alleges the Magistrate Judge expressed knowledge of multiple sclerosis based on her experiences with two friends who suffer from the disease.[2] (Notice of Bias ¶ 11). Second, Plaintiff states the Magistrate Judge's "pattern of logic is indicative of some highly offensive form of thinking, and at the very least not consistent with rational Gnosticism."[3]  (*Id.* ¶ 14).

Plaintiff is not entitled to a reversal on the basis of this first objection. Assuming, for the

---

[2]Plaintiff suffers from multiple sclerosis. (Notice of Bias ¶ 3).

[3]Plaintiff "is a Christian adherent of Kabbalahist doctrine, a religious viewpoint loosely referred to as Gnosticism."  (Notice of Bias ¶ 4).

sake of argument only, that Plaintiff has complied with the technical requirements of Section 144, the facts alleged would not cause a reasonable person to question the Magistrate Judge's impartiality.[4] The Magistrate Judge denied Plaintiff's motion on a legal basis, the expiration of the statute of limitations. Whatever knowledge and experiences the Magistrate Judge has with regard to multiple sclerosis would not affect her legal conclusion that Plaintiff's cause of action expired years ago. Neither would a reasonable person find the Magistrate Judge's pattern of logic prejudicial or indicative of personal bias.[5] In *Liteky*, the Supreme Court cautioned that

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555-556 (emphasis in original). The Magistrate Judge's comments referenced an extrajudicial source of information, but hardly demonstrate the sort of bias, prejudice or antagonism that would require recusal.

Neither was the Magistrate Judge required to recuse herself simply because Plaintiff filed the

---

[4] Plaintiff's notarized affidavit does not include the facts allegedly establishing the Magistrate Judge's bias, but incorporates the factual allegations by reference. The affidavit also includes a statement of good faith, even though the rule requires a certificate of good faith to be filed separately. *See Scott,* 234 F.App'x at 353 (quoting *United States v. Occhipinti,* 851 F.Supp. 523 (S.D. N.Y. 1993) (holding petitioner failed to comply with Section 144 because the petitioner filed a single "certification" rather than a factual affidavit and separate certification); *Kersh v. Borden Chem.*, 689 F.Supp. 1457, 1459-1460 (E.D. Mich. 1988). In addition, at least one court has held that Section 144 is not available to pro se litigants because the section requires counsel to file a certificate of good faith. *See Robinson v. Gregory*, 929 F.Supp. 334, 336 (S.D. Ind. 1996) (denying a motion to disqualify "because, as a pro se litigant, [plaintiff] has not complied with and cannot comply with the requirement of a certificate of good faith signed by counsel of record.").

[5] To the extent this portion of Plaintiff's objection may challenge the use of the objective standard, the Magistrate Judge and this Court are bound to follow Sixth Circuit precedent.

notice. A judge must accept the facts alleged in a proper Section 144 affidavit as true, but need not accept the conclusions that the moving party draws from those facts. *Scott*, 234 F.App'x at 352 (citing *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004)). Conclusory allegations do not establish bias for the purposes of a motion to recuse. *Ullmo*, 273 F.3d at 681; *Scott*, 234 F.App'x at 352. The bias or prejudice alleged must somehow make a judge's disposition "somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess . . . or because it is excessive in degree." *In re Triple S Rest.*, 422 F.3d 409, 417 (6th Cir. 2005) (emphasis in original) (quoting *Liteky*, 510 U.S. at 550). *See e.g., United States v. Bonds*, 18 F.3d 1327, 1329-1331 (6th Cir. 1994) (order denying motion for recusal where the appeal involved blood evidence and the judge had previously attended a conference on DNA, the circuit judge declined to recuse himself and offered several analogies, including comparing the situation to one where a judge reads a newspaper, magazine article or book which might relate to a case that later comes before him). Plaintiff has not established that the Magistrate Judge's disposition was either wrongful or inappropriate.

   Objection 2. Claim Against Defendant State of Michigan.

   The Magistrate Judge concluded Count XXIII (violation of the ADA) in the amended complaint would be futile because Plaintiff neglected to file his charge with the EEOC within 300 days and because the claim arose from conduct of state judges during the earlier litigation who would be entitled to absolute immunity. Plaintiff argues he does not need to file any charge with the EEOC in order to allege a claim under Title II. Plaintiff argues the State is not immune from suit for the conduct of its agents under Title II of the ADA, citing *Tennessee v. Lane*, 541 U.S. 509 (2004).

   This Court finds no error in the Magistrate Judge's conclusion that the State of Michigan

cannot be held liable for the conduct of state judges acting in their judicial capacities.[6]  Judicial immunity provides absolute immunity from suit so long as the judge is acting in an official capacity and even when he or she is accused of acting in bad faith or with malice.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).  Judicial immunity may be overcome if the alleged conduct occurs outside the judge's official capacity or if the conduct is judicial in nature, but is done in the complete absence of jurisdiction.  *Mireles* 502 U.S.at 11-12; *Brookings*, 389 F.3d at 617.  Plaintiff has not explained how the State of Michigan can be held liable for the actions of two judges when those judges are entitled to absolute immunity for their judicial conduct.  *Lane* holds that Congress, in Title II of the ADA, validly abrogated the states' Eleventh Amendment sovereign immunity.  The fact that a state cannot invoke an Eleventh Amendment defense does not mean a state cannot invoke any immunity defense.

Assuming, for the sake of argument only, Plaintiff is correct and judicial immunity provides no barrier to his suit against the State of Michigan, the record indicates several other reasons why the proposed amendment to Plaintiff's complaint would be futile.  First, Plaintiff was not diagnosed with multiple sclerosis until 2003, several years after his state court proceedings were terminated.  It cannot be said that the judges presiding over his proceedings denied Plaintiff reasonable accommodations if there was no knowledge of a disability at the time.  Plaintiff's attempt to use the

---

[6]Plaintiff is correct that he need not first file a claim with the EEOC in order to file a claim against the State of Michigan for violating Title II of the ADA.  *Mitchell v. Massachusetts Dept. of Corr.,* 190 F.Supp.2d 204, 209 (D. Mass 2002) (holding administrative exhaustion is not required under Title II of the ADA and collecting cases on the issue).  *See Clifton v. Georgia Merit System*, 478 F.Supp. 2d 1356, 1363-1366 (N.D.Ga. 2007) (finding that employment discrimination claims under the ADA must be brought under Title I rather than Title II otherwise plaintiff's would use Title II as a loophole to the various administrative exhaustion requirements, such as filing a claim with the EEOC, found in Title I).

definitions of "employer" and "retaliation" to overcome this problem with regard to his employment discrimination claim against Defendant Hi-Lex do not apply to his Title II claim against Defendant State of Michigan. Second, Plaintiff's allegations regarding how the state court judges failed to provide reasonable accommodations for him would be barred by *res judicata* or collateral estoppel. *See Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 758 (6th Cir. 2003). Plaintiff relied on the same allegations as the basis for some of his state claims in his earlier federal suit. Both the Magistrate Judge and the District Court judge rejected Plaintiff's argument that the alleged wrongdoings of the state court judges gave rise to valid claims and explained that Plaintiff's remedy was to appeal the state court decision rather than to collaterally attach the decision in federal court. *See* Dkt. No. 10-16 Exhibit L to Defendant Hi-Lex's brief in support - Report and Recommendation at 18-19; Dkt. No. 10-17 Exhibit M to Defendant Hi-Lex's brief in support of motion for summary judgment - Memorandum Opinion at 4.

Objection 3.   Claims Against Defendant Hi-Lex

In her order, the Magistrate Judge included a chart prepared by Defendant Hi-Lex identifying the count in the amended complaint, a description of the count, the length of the applicable statute of limitations, and the statutory authority. Plaintiff objects on the basis that Defendant Hi-Lex prepared the chart. Plaintiff also alleges the statute of limitations have been extended due to fraud by Defendant in his earlier suits. Plaintiff argues his employment contract was "rebreached" every time a court issued a final order dismissing his breach of contract claim because he had a just cause contract.

This Court finds no legal error in the Magistrate Judge's conclusion that the applicable statutes of limitations render the claims against Defendant Hi-Lex in Plaintiff's amended complaint

futile. The fact that the Magistrate Judge employed the organizational presentation of information offered by a defendant does not render her legal conclusions erroneous. None of Plaintiff's legal authority suggests the statutes of limitations have been extended for the reasons he offers. The continuing wrongs doctrine does not revive Plaintiff's claims here.

The arguments advance in Plaintiff's brief in support of his motion for leave to file an amended complaint (Dkt. No. 47) do not convince this Court a different outcome is required. The arguments asserted by Plaintiff were raised in the prior federal action and were resolved against him. *Compare* Plaintiff's brief in support of motion for leave to file amended complaint Section V *to* Dkt. No. 10-16 Exhibit L to Defendant Hi-Lex's brief in support - Report and Recommendation *and* Dkt. No. 10-17 Exhibit M to Defendant Hi-Lex's brief in support of motion for summary judgment - Memorandum Opinion. Plaintiff's action in state court was dismissed in 1995. Plaintiff's diagnosis in 2003 with multiple sclerosis does not constitute the discovery of a cause of action as Defendant did not cause Plaintiff's condition or misdiagnosis or hide Plaintiff's condition from him.

Objection 4.  Definitions of "Employee" and "Retaliation"

Plaintiff argued, in his motion to amend, that Defendant Hi-Lex retaliated against him when it used an allegedly illegal non-disclosure contract with a different employee to prevent that employee from offering information in his earlier court case. Plaintiff learned about this contract on January 14, 1994. (Dkt. No. 35 - Plaintiff's Brief in Support of Motion to Amend ¶ 24). The Magistrate Judge concluded the authority cited by Plaintiff does not establish that Plaintiff could revive his claims which arose in 1990 and 1993.

This Court finds no legal error here. This fourth objection simply rewords the third objection. In addition, the argument regarding the non-disclosure document was rejected by both

the Magistrate Judge and the District Judge in the earlier federal action. *See* Dkt. No. 10-16 Exhibit L to Defendant Hi-Lex's brief in support - Report and Recommendation at 13-14; Dkt. No. 10-17 Exhibit M to Defendant Hi-Lex's brief in support of motion for summary judgment - Memorandum Opinion at 3.

Objection 5. "Generally"

Plaintiff "generally" objects to the Magistrate Judge's order, reiterating the arguments already covered. Plaintiff includes speculation as to the Magistrate Judge's motivations for issuing her ruling. Again, this Court finds no legal or factual error in the Magistrate Judge's order. This portion of Plaintiff's appeal fails to "specifically identify" the basis for the appeal as required by Local Rule 72.3(a). Any specific objection contained in this section has already been rejected.

III. CONCLUSION

Plaintiff's appeal (Dkt. No. 54) of the Magistrate Judge's order denying him leave to file an amended complaint is **DENIED.** This Court finds no legal or factual errors in the order meriting reversal.

### ORDER

Plaintiff Kovat's Appeal (Dkt. No. 54) of the Magistrate Judge's order denying Plaintiff's motion (Dkt. No. 34) for leave to file an amended complaint is **DENIED.** The Magistrate Judge's order (Dkt. No. 51) is **AFFIRMED. IT IS SO ORDERED.**


Date: May 16, 2008            /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge