UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. KOVATS,
        Plaintiff,

-v-

THE STATE OF MICHIGAN,
HI-LEX CORPORATION, a Michigan
corporation and
UNKNOWN PARTIES JOHN OR JANE
DOE (1, 2, 3 ...) jointly and severally in
their individual and professional capacities
as agents of the Hi-Lex Corporation,
        Defendants.

Case No. 1:06-cv-755

HONORABLE PAUL L. MALONEY

## OPINION AND ORDER GRANTING DEFENDANT HI-LEX'S MOTION FOR SUMMARY JUDGMENT

This Court has before it Defendant Hi-Lex Corporation's motion for summary judgment (Dkt. No. 9). Defendant Hi-Lex Corporation requested oral argument on this motion. This Court finds oral argument unnecessary to resolve the issues presented. *See* W.D. MICH. L.CIV.R. 7.2(d).

Plaintiff Kovats, proceeding pro se, is suing his former employer, Defendant Hi-Lex (Defendant) and the State of Michigan.[1] He was terminated by Defendant in 1990 and has already sued Hi-Lex in state court (*Kovats v. TSK/Japan Hi-Lex*, No. 93-283131-CZ, Kent County Circuit Court, 1993[2]) and in federal court (*Kovats v. Hi-Lex Corp.*, No. 1:00-cv-433 (W.D. Mich. 2000)).

---

[1]Initially, Plaintiff also sued the United States of America. That defendant was dismissed voluntarily and without prejudice on July 20, 2007. (Dkt. No. 32).

[2]This case was subsequently transferred to the Calhoun County Circuit Court where it was ultimately dismissed.

Plaintiff filed this action on October 20, 2006. The complaint is five pages long and alleges twelve counts. Counts V through XII apply to Defendant Hi-Lex. Count XII alleges a violation of the Americans with Disabilities Act (ADA). The rest of the claims rest in state law. Count V alleges a violation of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 *et seq.* Count VII alleges a violation of the Elliot-Larson Civil Rights Act, MCL 37.2101 *et seq.* Count VI[3] and VII through XI allege various torts and claims arising under contract.

Defendant filed this motion for summary judgment on February 22, 2007. In addition, Defendant seeks an order enjoining Plaintiff from filing additional suits against it. Plaintiff was granted additional time to file his response the motion (Dkt .No. 33). On October 15, 2007, with his response to this motion, Plaintiff also filed a motion for leave to file an amended complaint (Dkt. No. 34). That motion is being denied through a contemporaneously filed order. Accordingly, Plaintiff original complaint will be used for the purposes of resolving this motion.

I. LEGAL FRAMEWORK

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions together with the affidavits show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed

---

[3]The complaint includes two Count IVs. This Court will refer to the second Count IV, located between Count V and Count VII, as Count VI.

in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

II. ANALYSIS

    A. State Law Claims

Defendant argues all of the counts except the ADA claim have been raised in either or both of the previous actions and therefore the claims are barred. *Res judicata*, or claim preclusion, bars a claim when, in a prior action, the claim was actually litigated and resulted in a judgment on the merits and the subsequent action involves the same claims between the same parties. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *Roberts v. City of Troy*, 429 N.W.2d 206, 211 (Mich. Ct. App. 1988). Defendant points to several documents to support this argument. David Rhem, a partner in the law firm of Varnum, Riddering, Schmidt and Howlett who represented Defendant Hi-Lex in the 1993 lawsuit, prepared a chart outlining where the various claims had been raised in the earlier lawsuits and attached the chart to his affidavit. (Dkt. No. 10-24 Defendant's Exhibit T - Rhem Affidavit - Attachment 1). Count V in this action, violation of the Bullard-Plawecki Employee Right to Know Act, was raised in the 1993 state suit in paragraphs 6 and 8 of Plaintiff's complaint. (Defendant's Exhibit A - Plaintiff's Complaint filed against Defendant in Kent Count in 1993). Count VI, invasion of privacy, was raised in paragraph 15. (*Id.*). Count VII,

3

, violation of the Elliot-Larson Civil Right Act, was raised in paragraphs 5, 9-10, and 14.  (*Id.*). Count VIII, intentional infliction of emotional distress, was raised in paragraph 15.  (*Id.*).  Count X, breach of contract and fraud, were raised in paragraphs 12, 14 and 15.  (*Id.*).  Comparing Plaintiff's 1993 complaint to the complaint filed in this case, the counts not previously raised include negligent infliction of emotional distress, interference with an economic relationship, interference with a contractual relationship, and violations of the ADA.  *See* Exhibit T - Attachment A.

Plaintiff's earlier federal action raised all the state claims raised in this action.  Mr. Rhem also identifies compares the counts in this action to the counts raised in the lawsuit filed in 2000 in federal court.  (Exhibit T - Attachment A) .  Count V I this action, violation of the Bullard-Plawecki Employee Right to Know Act, was raised in the 2000 suit as Count I.  (Dkt. No. 10-12 Defendant's Exhibit J - Plaintiff's Second Amended Complaint filed in previous federal suit[4]).  Count VI, invasion of privacy, was raised as Count II.  (*Id.*).  Count VII, , violation of the Elliot-Larson Civil Right Act, was raised as Count III through Count VIII and XIV.  (*Id.*).  Count VIII, intentional and negligent infliction of emotional distress, was raised as Count IX.  (*Id.*).  Count IX, interference with an advantageous economic relationship, was raised as Count X.  (*Id.*).  Count X, breach of contract and fraud, was raised as Counts XII and XIII through XV.  (*Id.*).  Count XI, interference with a contractual relationship, was raised as Count XVI.  (*Id.*).

Both of Plaintiff's prior suits were terminated on the merits.  Plaintiff's 1993 state court action was terminated through an order issued by the Honorable Conrad Sindt, Circuit Court Judge,

---

[4]Plaintiff was given leave to file a third amended complaint which added counts against Defendant Hi-Lex.  *See* Dkt. No. 14 Defendant's Exhibit K.  The parties have not filed the third amended complaint.  Plaintiff has not argued that Defendant has misrepresented the counts alleged in the prior federal suit.

Calhoun County Circuit Court on June 15, 1995. (Dtk No. 10-10 Defendant's Exhibit G). Judge Sindt granted Defendant Hi-Lex's motion for summary disposition because the motion established a lack of a genuine issue of material fact and because Plaintiff failed to file an answer. (*Id.*). He also granted Defendant's motion to dismiss for Plaintiff's failure to pay $825.00 in sanctions. (*Id.*). The Honorable David McKeague dismissed Plaintiff's earlier federal action through an order issued on February 7, 2002. (Dkt. No. 10-17 Defendant's Exhibit M - Memorandum Opinion Approving Report and Recommendation and Judgment). The Report and Recommendation approved by Judge McKeague recommended granting Defendant's motion for summary judgment. (Dkt. No. 10-16 Defendant's Exhibit L - Report and Recommendation). The Magistrate Judge found Plaintiff's state law claims were barred by *res judicata* and by the applicable statute of limitations. Plaintiff filed a motion for reconsideration of the judgment against him, which was denied on March 4, 2002. (Dkt. No. 10-18 Defendant's Exhibit N - Order Denying Motion for Reconsideration). Plaintiff appealed the judgment against him to the Sixth Circuit Court of Appeals, who affirmed the trial court's decision granting summary judgment. (Dkt. No. 12-3 Defendant's Exhibit R - *Kovats v. Hi-Lex Corp.*, No. 02-1318 (6th Cir. Dec 11, 2002)).

Plaintiff's claims against Defendant, with the exception of the claim under the ADA, are barred by *res judicata*. Plaintiff's claims were actually litigated in both the state court action and in the earlier federal court action. The claims were resolved on the merits in both actions. In response to Defendant's *res judicata* argument, Plaintiff references his brief in support of his motion for leave to file an amended complaint. (Plaintiff's Response ¶ 19). As explained above, this Court is using Plaintiff's original complaint in order to resolve this motion. This Court, in a contemporaneously filed order, finds that Plaintiff's arguments in support of his motion for leave

5

to file an amended complaint lack merit.

### B. Count XII (ADA)

Defendant argues Count XII, the claim under the ADA, is flawed because the statute of limitations for the claim has expired. Defendant argues Plaintiff was terminated in 1990 and the ADA did not take effect until 1992. Indeed, 42 U.S.C. § 12111(5)(A), defining "employer," did not go into effect until July 26, 1992. *See* Pub. L. 101-336 § 108 (making Title I effective 24 months after the date of enactment); *Smith v. UPS*, 65 F.3d 266 (2d 1995). The ADA has no retroactive effect. *Id.*; *Pernikoff v. Davidson*, 53 F.3d 322, 1995 WL 259241 (6th Cir. May 3, 1995) (unpublished table opinion) (citing *UPS*); *Niece v. Fitzner*, 922 F.Supp. 1208, 1215 (E.D. Mich. 1996). Accordingly, any injury caused to Plaintiff by his termination cannot give rise to a claim under the ADA as that Act was not in effect at the time. Plaintiff's allegation that there was some continuing violation of the ADA due to the use of a non-disclosure agreement was resolved against him in the order denying his leave to amend his complaint. The Magistrate Judge in the earlier federal case rejected the same argument with regard to Plaintiff's state law claims. (Exhibit L at 13-14). Judge McKeague rejected this argument in his memorandum opinion, also with regard to Plaintiff's state law claims. (Exhibit M at 3).

In his response, Plaintiff argues Defendant's Hi-Lex's motion is not ripe because of pendant issues with Defendant State of Michigan. Plaintiff's argument suffers adequate reasoning and any legal support. Assuming, for the sake of argument only, that this assertion has some basis, this Court is dismissing the claims against Defendant State of Michigan in an contemporaneously filed order. As a result, this motion is ripe for resolution.

### C. Request for Order Enjoining Plaintiff from Filing Additional Suits

Defendant seeks an order enjoining Plaintiff from filing additional suits against Defendant Hi-Lex in federal court.

The Sixth Circuit has approved the use of orders requiring vexatious litigants to seek leave of court before filing further complaints. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Kersh v. Borden Chem.*, 689 F.Supp. 1442, 1449 (E.D. Mich. 1988). More recently, the Sixth Circuit has cautioned that when choosing sanctions, courts must opt for the least restrictive sanction to deter the improper behavior. *Hyland v. Stevens*, 37 F.App'x 770, 771 (6th Cir. 2002) (quoting *Spallone v. United States*, 493 U.S. 265, 280 (1990)). The Second Circuit Court of Appeals relies upon a multi-factor test for determining whether to limit a vexatious party's future access to the courts. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Kersh*, 689 F.Supp. At 1450 (adopting the test in *Safir*). That test considers the party's litigation history, motives, whether the party is represented, the burden imposed on other parties and the court, and the sufficiency of other sanctions. *Id.*

The balance of factors do not weigh in favor of the sanction requested by Defendant. This Court is aware of three lawsuits filed by this Plaintiff against this Defendant over the last fifteen years. All three lawsuits arise out of his termination in 1990. Plaintiff's actions have been dismissed in the early stages of litigation, although certainly not soon after each suit was filed. Plaintiff has not been represented by counsel. Plaintiff's history of litigation, insofar as this Court has been made aware, pales in comparison to the litigation histories of parties who have been sanctioned. *Compare Hyland v. Clinton*, 3 F.App'x 478 (6th Cir. 2001) (calling Plaintiff a "frequent litigator" who had sued President Clinton, Chief Justice Rhenquist, various members of the Senate and other government officials and who "continues to litter our docket with frivolous

7

appeals") *and Kersh*, 689 F.Supp. at 1446 (explaining that Plaintiff had filed twenty cases in the Eastern District between 1977 and 1988 and forty-two cases in state court between 1973 and 1988). Plaintiff's history of litigation against this Defendant does, however, merit a warning. Should Plaintiff file another suit against this Defendant arising out of the same or similar facts and should that suit be found to lack merit, Plaintiff will be subject to sanctions. *See Kersh*, 689 F.Supp. at 1449 (discussing the source of a court's power to levy sanctions against prolific litigators).

III. CONCLUSION

Defendant has established a lack of an issue of material fact and that it is entitled to judgment as a matter of law. Defendant has demonstrated that Plaintiff's state law claims are barred by *res judicata* and that Plaintiff's ADA claim lacks merit. Plaintiff has not offered sufficient documentation to create a genuine issue of material fact precluding summary judgment. In addition, Plaintiff is warned that filing future frivolous suits against this Defendant arising out of the same or similar facts will result in sanctions against Plaintiff.

ORDER

Defendant Hi-Lex Corporation's motion for summary judgment (Dkt. No. 9) is **GRANTED.** Defendant is **TERMINATED** from this action. **IT IS SO ORDERED.**

Date:   May 16, 2008               /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge