UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. KOVATS,
        Plaintiff,

-v-

THE STATE OF MICHIGAN,
HI-LEX CORPORATION, a Michigan
corporation and
UNKNOWN PARTIES JOHN OR JANE
DOE (1, 2, 3 ...) jointly and severally in
their individual and professional capacities
as agents of the Hi-Lex Corporation,
        Defendants.

Case No. 1:06-cv-755

HONORABLE PAUL L. MALONEY

ORDER GRANTING DEFENDANT STATE OF MICHIGAN'S MOTION TO DISMISS

This Court has before it Defendant State of Michigan's motion to dismiss (Dkt. No. 14). Defendant moves to dismiss under Rule 12(b)(1), (2) and (6). Neither party has requested oral argument on this motion and this Court finds oral argument unnecessary to resolve the legal issues presented. *See* W.D. MICH. L.CIV.R. 7.2(d).

I. BACKGROUND

Plaintiff Kovats, proceeding pro se, is suing his former employer and the State of Michigan.[1] He was terminated by Defendant Hi-Lex in 1990 and has already sued Hi-Lex, once in state court and once in federal court. Plaintiff filed this complaint on October 20, 2006. The complaint is five pages long and alleges twelve counts. Counts I through IV and XI apply to Defendant State of

---

[1] Initially, Plaintiff also sued the United States of America. That defendant was dismissed voluntarily and without prejudice on July 20, 2007. (Dkt. No. 32).

Michigan (Defendant). The complaint alleges

> Count I - Amendment 14 of the U.S. Constitution
> Defendants the United States of America and The State of Michigan engaged in conduct for purposes of depriving Plaintiff of his property rights in contract without the due process of law, an averment that will be proved at trial.
> Count II - Amendment 14 of the U.S. Constitution
> Defendants the United States of America and The State of Michigan engaged in conduct for purposes of depriving Plaintiff of his liberty of free speech without the due process of law, an averment that will be proved at trial.
> Count III - Amendment 14 of the U.S. Constitution
> Defendants the United States of America and The State of Michigan engaged in conduct for purposes of depriving Plaintiff of his liberty of free association without due process of law, an averment that will be proved at trial.
> Count IV - Amendment 14 of the U.S. Constitution
> Defendants the United States of America and The State of Michigan engaged in conduct for purposes of depriving Plaintiff of his liberty of freedom of religion without due process of law, an averment that will be proved at trial.
> ***
> Count XI - Interference With a Contractual Relationship
> Plaintiff maintains that one or more of the defendants have interfered with a contractual relationship, averment that will be proved at trial.

Defendant filed this motion to dismiss on March 3, 2008. In June 2007, Plaintiff filed an ex parte motion for extension of time to file responses to the dispositive motions. The action was reassigned to this Judge in August 2007. Plaintiff was granted additional time to file his responses to the dispositive motions (Dkt. No. 33). Plaintiff filed his response on October 15, 2007 (Dkt. No. 37).

## II. LEGAL FRAMEWORK

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd.of Educ. of Tripp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept

as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc*, 487 F.3d at 476. A complaint need not set forth in detail all the factual allegations in support of a claim, but it must give the defendant fair notice of what the plaintiff's claim is and the allegations upon which that claim rests. *Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at 476.

III. ANALYSIS

This Court acknowledges Plaintiff has filed a motion to amend his complaint. If the initial complaint appears at one end of the spectrum of factual detail, the proposed amended complaint would appear at the other. The proposed amended complaint is ninety-nine pages long and contains twenty seven counts among the more than 500 numbered paragraphs. The proposed amended complaint does provide facts illuminating Plaintiff's complaint against the State of Michigan. For reasons detailed in a contemporaneously filed order, the motion to amend has been denied. Accordingly, for the purpose of Defendant's motion, this Court considers only the complaint filed to initiate this action.

Defendant argues Plaintiff's complaint lacks sufficient factual information to sustain a claim upon which relief may be granted. Plaintiff's response generally refers to his amended complaint, reasoning that the amended complaint cures any defects in his initial complaint. As explained above, this motion is resolved using the initial complaint, not the amended complaint.

This Court agrees with Defendant. Plaintiff's complaint utterly fails to provide any factual allegations which would put Defendant on notice of the basis for the claims against it. The

complaint's laconic allegations contain no factual basis for the claims that Defendant has deprived Plaintiff of various rights without due process of law. Under the section titled "parties," Plaintiff states Defendant failed "to make reasonable accommodations to Plaintiff's disability as required by the ADA." (Complaint). Before Count I, Plaintiff reiterates that Defendant "made no reasonable modifications to their rules, policies, or practices to accommodate Plaintiff's condition of disability." (*Id.*). These bare assertions, without more detail, cannot sustain a claim.

III. CONCLUSION

Plaintiff's complaint fails to establish any factual basis which would support a claim against Defendant State of Michigan upon which Plaintiff would be entitled to relief. Court finds no need to evaluate motion under 12(b)(1) and 12(b)(2).

Defendant State of Michigan's motion to dismiss (Dkt. No. 14) is **GRANTED.** Defendant State of Michigan is **TERMINATED** from this action. **IT IS SO ORDERED.**

Date:   May 16, 2008                                                   /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge